UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edgar P., | Civ. No. 26-953 (PAM/ECW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Edgar P.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

## BACKGROUND

Petitioner is a citizen of Ecuador. (Id. ¶¶ 7, 12.) He has lived in the United States since approximately September 2023, and has a pending asylum application. (Id. ¶ 12.) He does not claim to have any legal status in the United States. On February 2, 2026, Respondents detained Petitioner, and he remains in their custody. (Id. ¶ 7, 17.)

## DISCUSSION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under

8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2).[1] The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the record is void of any indication that he lawfully entered the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention

---

[1] The Court notes that Respondents' response was late, but nothing in the response altered the Court's conclusions. The Court's decision in this case is consistent with the Court's other decisions on this issue.

is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner contends that because Respondents did not apprehend him at the country's border, he is not "seeking admission," and thus he is not subject to § 1225(b)(2)(A)'s requirements. Indeed, many courts agree with Petitioner. However, the Court determines that the growing minority of district courts rejecting Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); de Leon Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v. Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4. The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission." See Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1142 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Petitioner fails to provide evidence that he has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not

3

merely any presence here.  8 U.S.C. § 1101(a)(13)(A).  The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been admitted or granted any lawful status.  Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention.  Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Moreover, Petitioner filed an application for asylum and ostensibly continues to pursue that status.  "That application seeks to allow him to remain in this country—i.e., to be admitted."  Coronado v. Sec'y, Dep't of Homeland Sec., No. 1:25-CV-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025).  Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil."  Chen, 2025 WL 3484855, at *6.  Indeed, were an applicant not seeking admission to the United States or other lawful status when confronted by an immigration officer, then he or she would voluntarily self-deport.

Finally, Petitioner contends that his arrest was unlawful because Respondents did not have a warrant, but "Section 1225(b) does not include a warrant or an arrest requirement."  Melgar, 2025 WL 3496721, at *8.  Petitioner's argument fails.

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 12, 2026          *s/ Paul A. Magnuson*
                                  Paul A. Magnuson
                                  United States District Court Judge